**WESTERN COUNTIES SHIPPING CO., Limited, v. ARCHIBALD McNEIL & SONS CO., Inc.**

(District Court, D. Maryland.   May 4, 1921.)

No. 723.

1. **Shipping ☞52—Order restricting transportation of cargo to port does not excuse failure to transport before it became effective.**

Where the chartered ship reported herself ready to load on June 14, and the loading should have been completed under the charter by June 22, the charterer is not excused for his failure to furnish a cargo for the ship by an order of the Interstate Commerce Commission restricting transportation of coal for export, which did not become effective until June 24, and did not then apply to coal on cars before that date.

·2. **Shipping ☞52—Interlined provision held to make charter binding, notwithstanding refusal to permit transportation to port.**

An ·interlined provision in a charter party providing that it was effective, whether permit for cargo granted or not granted, prevents the charterer from defending against liability for failure to furnish the cargo as agreed, on the ground that an order of the Interstate Commerce Commission restricting transportation of coal to the port for export was a restraint of princes, within an exception in the charter party.

In Admiralty.   Libel by the Western Counties Shipping Company, Limited, against the Archibald McNeil & Sons Company, Incorporated, to recover damages for failure to furnish a cargo for a chartered ship.   Decree rendered for libelant.

The charter of the Renfrew was on the Washington July, 1919, form, with clauses similar to those in the Apsley, except that the first part of clause 4 was in these words: "Lay days for loading, if required by the party of the second part, not to commence before June 10, 1920; otherwise, lay days to commence from time steamer is ready to load (or within 48 hours after readiness to load, if delayed awaiting turn at berth) and master has given notice in writing of such readiness to the party of the second part or his agent, who is to be named."

Janney, Stuart & Ober, of Baltimore, Md., for libelant.
Lord & Whip, of Baltimore, Md., for respondent.

ROSE, District Judge.   This case, in its principal aspect, is on all fours with No. 726, Romney Steamship Co. v. Same Respondent, 273 Fed. 287, the opinion in which was handed down to-day.

The libelant, a British corporation, chartered its steamship, the Renfrew, to carry coal to Italy.   The respondent failed to furnish a cargo for her, alleging that at first it was excused from so doing by the same strike discussed in the opinion above mentioned.   The answer there given to a like contention is equally applicable here.

After Interstate Commerce Commission's Service Order No. 6 went into effect on June 24th, the charterer claimed that performance on its part was prevented by a restraint of rulers, and on July 2d requested the owner to withdraw the ship, without prejudice to any

rights it had. There are at least three reasons why the charterer must be held liable:

[1] (1) It had ample time to load the ship before the order in question could have hampered it. It takes a number of days to bring coal from the mines to tidewater, and, that on cars before June 24th was not affected by the order in question. The effect of the order could not have been felt at the piers before about June 28th. The ship reported herself at least as early as June 14th, and its loading should have been completed by June 22d.

[2] (2) By interlineation in the charter party it was declared effective, whether permit for cargo was granted or not granted.

(3) As was held in the opinion in No. 724, Hellenic Transport S. S. Co. v. Same Respondent, 273 Fed. 290, handed down this day, Service Order No. 6 was not such a restraint of rulers as excused performance.

It follows that the respondent must be held liable for the breach of the charter party.