## COMPANIA NAVIGAZIONE SOTA Y AZNAR v. COALE & CO., Inc.

(District Court, D. Maryland.   March 28, 1922.)

### No. 732.

Shipping ⟲181—Charterer held liable for demurrage where not ready to load.

Under a provision of a charter party, "Lay days for loading shall commence when steamer is ready to load (or within 96 hours after readiness to load, if delayed awaiting turn at berth)," lay days began as soon as the ship was ready, unless delayed in getting to pier by another ship having the prior right to be there, and charterer was not entitled to credit for 96 hours, or any of them, on owner's claim for demurrage, where charterer had no cargo for the vessel at the time, though it was the custom of the port that the pier owner would not allow a ship, by lying idly at its wharf, to get into the way of other vessels anxious to use it, where there was nothing physically in the way of getting a berth as soon as the ship was ready.

In Admiralty.   Libel by the Compania Navigazione Sota y Aznar against Coale & Co., Incorporated.   Determination in favor of libelant.

Janney, Stuart & Ober, of Baltimore, Md., for libelant.
Edward N. Rich and J. M. Mullen, both of Baltimore, Md., for respondent.

ROSE, District Judge.   Following an opinion in Western Counties Shipping Co., Ltd., v. Archibald McNeil & Sons Co., Inc. (D. C.) 273 Fed. 298, the respondent, as charterer, has been held liable to the shipowner for demurrage.   In determining its amount, a question has arisen as to the application of the provision of the charter party which reads:

"Lay days for loading shall commence when steamer is ready to load (or within 96 hours after readiness to load, if delayed awaiting turn at berth)."

The charterer claims that, although there was nothing physically in the way of the ship's getting a berth as soon as she was ready, yet, as the charterer had no coal for her at the time, and as the custom at this port, and doubtless everywhere else, where common sense has anything to do with the matter, is that the prior owner will not allow the ship, by lying idly at its wharf, to get into the way of other vessels anxious to use it, she was delayed, awaiting her turn at the pier, and that 96 hours of such delay was to be at her own cost, and for that time the charterer is not liable.

This contention seems more ingenius than persuasive.   The plain import of the agreement between the parties was that the lay days were to begin so soon as the ship was ready, unless she was delayed in get-

---

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

ting to the pier by another ship having the prior right to be there, and it was not intended to modify the general rule that it is the duty of the shipper to have the cargo ready for the ship, or make its failure to do so chargeable to the ship, in whole or in part.

The charterer is, upon the facts, not entitled to credit for these 96 hours, or any of them.